UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THOMAS A. WILLIAMS and
ROBIN E. PELLEGRINI,

                Plaintiffs,

  - against -

COUNTY OF NASSAU, THOMAS R. SUOZZI, *in his official and individual capacities*, NASSAU COUNTY CIVIL SERVICE COMMISSION, JOHN H. SENKO, JR., *in his official and individual capacities*, JAMES F. DEMOS, *in his official and individual capacities*, DAVID J. GUGERTY, *in his official and individual capacities*, ANTHONY M. CANCELLIERI, *in his official and individual capacities*, JOHN DONNELLY, *in his official and individual capacities*, NASSAU COUNTY OFFICE OF HOUSING AND INTER-GOVERNMENTAL AFFAIRS, PETER SYLVER, *in his official and individual capacities*, BRUCE NYMAN, *in his official and individual capacities*, and PATRICIA BOURNE, *in her official and individual capacities*,

                Defendants.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
03-CV-6337 (RRM)(ETB)

**MAUSKOPF, United States District Judge.**

       Plaintiffs, Thomas A. Williams and Robin E. Pellegrini, commenced the instant civil rights action asserting various causes of action against the County of Nassau, the Nassau County Civil Service Commission ("CSC"), the Nassau County Office of Housing and Intergovernmental Affairs ("OHIA"), and the following individuals, all county employees, both in their individual and official capacities: Thomas R. Suozzi, John H. Senko, James F. Demos, David J. Gugerty, Anthony M. Cancellieri, John Donnelly, Peter Sylver, Bruce Nyman, and

Patricia Bourne (collectively, the "County Defendants").[1] Defendants moved for summary judgment (Docket Nos. 126-138), which motion was respectfully referred to United States Magistrate Judge E. Thomas Boyle. Now before this Court is Judge Boyle's Report and Recommendation (Docket No. 143), recommending that Defendants' motion be granted in part and denied in part, Defendants' timely objections to certain portions of the Report (Docket Nos. 145, 147), and Plaintiffs' opposition to those objections (Docket No. 146).

## A. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). If any party timely serves and files written objections to a magistrate judge's report and recommendation on a dispositive motion, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed, see *Thomas v. Arn*, 474 U.S. 140, 150 (1985), and instead reviews those portions for clear error, see *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

---

[1] By Order dated March 31, 2005 (Docket No. 61), Judge Sandra Feuerstein dismissed several claims against these, and other defendants named in the Amended Complaint (Docket No. 17). By stipulated Order entered October 19, 2007, Plaintiffs voluntarily dismissed claims against defendants Robert Schoelle, Jr., Carol Kramer, Marguerite Costello, and Charles Fowler. As such, the defendants named here are those that remain. This case was transferred to the undersigned on December 26, 2007.

2

## B. Dismissal of Claims

First, no party has objected to those portions of the Magistrate Judge's Report recommending the grant of summary judgment with respect to the following claims alleged in the Amended Complaint: 1) Williams' conspiracy claim pursuant to 42 U.S.C. § 1983 (second cause of action); 2) Pellegrini's claim for race and color discrimination pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* (first cause of action); 3) Pellegrini's age discrimination claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 623 (fourth cause of action); and 4) Plaintiffs' whistleblower claims pursuant to the New York State Civil Service Law § 75-b (sixth cause of action.) Having reviewed the Report for clear error, and finding none, summary judgment is GRANTED as to these claims. Moreover, the Magistrate Judge recommended that OHIA be dismissed from this action on the grounds that it is an administrative agency of the County of Nassau with no legal identity separate and apart from that of the County. As no party objects, and this Court finding no clear error in the Magistrate Judge's Report, OHIA is DISMISSED as a party to this action.

## C. Defendants' Objections

Defendants allege that the Magistrate Judge erred by 1) concluding that Plaintiffs' speech was made in their capacity as private citizens upon a matter of public concern; 2) failing to dismiss all claims against the County Defendants as a result of the recommendation to dismiss the conspiracy claim brought pursuant to 42 U.S.C. § 1983; and 3) by denying the County Defendants qualified immunity.

Upon *de novo* review of the Report and the record upon which it is based, and upon careful consideration of the Defendants' objections, the Court overrules the objections, and accepts and adopts Magistrate Judge Boyle's Report and Recommendations in its entirety.

## CONCLUSION

Summary judgment is GRANTED as to 1) Williams' conspiracy claim pursuant to 42 U.S.C. § 1983 (second cause of action); 2) Pellegrini's claim of race and color discrimination pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* (first cause of action); 3) Pellegrini's age discrimination claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 623 (fourth cause of action); and 4) plaintiffs' whistleblower claims pursuant to the New York State Civil Service Law § 75-b (sixth cause of action.) Summary judgment is DENIED as to Williams' and Pellegrini's claims of First Amendment retaliation pursuant to 42 U.S.C. § 1983 (second and third causes of action). Defendant Nassau County Office of Housing and Intergovernmental Affairs is DISMISSED from this action, and all defendants not previously dismissed remain parties. Qualified immunity is DENIED.

The Court hereby recommits this matter to Magistrate Judge Boyle for further pretrial proceedings, including settlement discussions if appropriate. By February 12, 2010, the parties are ORDERED to file a Joint Pretrial Order, under the supervision of the Magistrate Judge, consistent with this Order and in compliance with this Court's Individual Motion Practices and Rules.

SO ORDERED.

DATED: Brooklyn, New York
January 22, 2010

ROSLYNN R. MAUSKOPF
United States District Judge